UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED 98 FEB 12 AM 8:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

Sandy C. Dorrill, )
    Plaintiff; )
     )
-vs.- ) No. CV 97-P-829-S
     )
James C. Gailhbro, et al., )
    Defendants. )

ENTERED
FEB 1 2 1998

### Opinion

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment was considered by the court at its September 26, 1997 motion docket. For the reasons stated below, Defendants' motion[1] is due to be granted.

### Statement of Facts[2]

This action arises out of the Internal Revenue Service's ("IRS") collection of delinquent federal income taxes and related penalties and interest from taxpayer Sandy Dorrill ("Dorrill").

Dorrill failed to file a federal income tax return for tax year 1993. Because of this failure, the IRS prepared a substitute return, pursuant to authority granted by Congress in 26 U.S.C. section 6020(b)(1). In reliance upon this substitute return, the IRS on October 7, 1996, made a tax assessment upon Dorrill for 1993. According to the Certificate of Assessments and Payments provided to the court in support of defendants' motion, notice of this assessment was sent to

---

    1. Since the oral argument in September 1997, both parties have submitted evidentiary materials for the court's consideration in deciding the motion. Because the court has, in fact, based its decision in part on these evidentiary materials, defendants' motion must be deemed to be a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

    2. The recitation of "facts" is based upon the materials submitted viewed in the light most favorable to the Plaintiff.



Dorrill on October 7, 1996. Two months later, on December 5, 1996, the IRS sent a Notice of Levy on Wages, Salary, and Other Income ("Levy") to Dorrill's employer, General Motors Acceptance Corporation ("GMAC"), requiring GMAC to garnish Dorrill's wages for the purpose of satisfying Dorrill's outstanding tax assessment. The Levy was signed by individual defendant James Gaither.[3/] On December 9, 1996, the IRS sent a Tax Delinquent Notice to Dorrill.

On February 6, 1997, individual defendant W.H. Gregory ("Gregory") of the IRS wrote to Dorrill, indicating that, because the IRS had been unable to discuss payment of the tax owed with Dorrill, the IRS had begun enforcement action in an effort to collect the debt. John J. Schlabach ("Schlabach"), an "enrolled agent" apparently acting on behalf of Dorrill, wrote to Gregory on February 12, 1997, demanding that Gregory "cease and desist any and all action in this case until [the IRS provided] all requested information." A similar letter had been sent by Schlabach to individual defendant Richard Marsh ("Marsh"), an IRS district director, on February 10, 1997, in response to the December 5, 1996 Levy. In his letters, Schlabach argued that no valid assessment of tax against Dorrill had yet taken place, since the IRS had failed to comply with the procedures required by 26 U.S.C. sections 6201 and 6203. Thereafter, in February, March, April and May of 1997, GMAC withheld approximately $820 per month from Dorrill's compensation. These amounts were applied to Dorrill's outstanding tax liability, such that Dorrill's only remaining delinquent tax liability consists of interest accrued on the 1993 assessment since October 7, 1996, the original assessment date.

---

3. In her complaint, Dorrill named "James C. Gailhbro" as an individual defendant, apparently based on the somewhat illegible signature on the Levy. As no such IRS employee exists, and the IRS has confirmed that the signature on the Levy was that of IRS employee James C. Gaither, the court concludes that, were this action to continue, plaintiff would need to join Gaither as a defendant. However, since the court intends to dismiss Dorrill's claims against the individual defendants, no such joinder will be necessary.

2

Dorrill filed this action on April 4, 1997, seeking return of the amounts assessed by the IRS and garnished from her GMAC compensation. Dorrill has not brought an action for refund, pursuant to 28 U.S.C. section 1346(a)(1) or 26 U.S.C. section 7422; rather, she seeks to obtain redress under 26 U.S.C. sections 7432 and 7433.[4]

## Analysis

### I. Claims Against the Individual Defendants and the IRS

Sovereign immunity prevents suits against the United States other than those specifically authorized by Congress. Any lawsuit against the United States must, therefore, be brought pursuant to a statute that expressly waives sovereign immunity. *United States v. Testan,* 424 U.S. 392, 399 (1976). In recognition of these principles, courts have concluded that an executive department of the United States or one of its agencies may only be sued in its own name if the authority to be sued has been expressly conferred by Congress. *See Blackmar v. Guerre,* 342 U.S. 512, 514-16 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus, including the IRS, to be sued. *See Castleberry v. Alcohol, Tobacco and Firearms Div.,* 530 F.2d 672, 673 n.3 (5th Cir. 1976). Accordingly, Dorrill's claims against the IRS are due to be DISMISSED.

Suits against IRS employees in their official capacity are essentially suits against the United States. *See Dugan v. Rank,* 372 U.S. 609 (1963). Where individually named defendants are sued in their official capacity as federal employees, the United States is the proper party defendant and should be substituted in their place. *Steinman v. IRS,* 78 AFTR2d 96-5380, 96-5382 (D. Ariz.

---

4. Although Dorrill originally requested relief pursuant to 26 U.S.C. section 7214, she has since abandoned that claim, acknowledging that she has no standing to seek enforcement of that criminal statute.

1996).  Although courts have recognized that sovereign immunity does not bar a damages action against a federal employee acting in his official capacity for a violation of an individual's constitutional rights, *Bivens v. Six Unknown Name Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), courts have declined to extend *Bivens* to cover cases involving the collection of federal taxes where no invasion of the taxpayer's privacy rights is at issue.  *See G.M. Leasing Corp. V. United States*, 429 U.S. 338, 351-52 (1977).  In the instant case, it appears that Dorrill named defendant Gailhbro because he signed the Levy, that she named defendant Gregory because she received a collection notice signed by him on February 6, 1997, and that she named defendant Marsh because he was the district director of the IRS's Memphis Service Center, at which Dorrill's assessment was processed.  Nothing in Dorrill's complaint indicates that any of these defendants acted in other than an official capacity.  Because the IRS's collection of Dorrill's delinquent taxes was accomplished by garnishment of her wages, rather than by seizure of personal property in which Dorrill held a privacy interest, no *Bivens* cause of action is available to Dorrill.  Accordingly, Dorrill's claims against individual defendants Gailhbro, Gregory, and Marsh are due to be DISMISSED.

II.  Claims Against the United States Under 26 U.S.C. § 7432

26 U.S.C. section 7432 permits a taxpayer to bring a civil action for damages against the United States if any IRS officer or employee knowingly or negligently fails to release a lien under 26 U.S.C. 6325 on property of the taxpayer.  26 U.S.C. § 7432(a).  However, before taxpayers may sue under this statute, they must first exhaust their administrative remedies.  26 U.S.C. § 7432(d)(1); *see also Griswold v. United States,* 59 F.3d 1571, 1582 (11th Cir. 1995).

Here, Dorrill has sought to base her suit in this court in part on the jurisdiction conferred

4

by 26 U.S.C. section 7432(a). However, Dorrill's complaint does not allege--and no records provided to the court indicate--that the IRS has ever filed a notice of federal tax lien in the public records. Although defendant Gregory's February 6, 1997 letter to Dorrill indicated that the IRS "may file a NOTICE OF FEDERAL TAX LIEN with the Clerk of the Circuit Court," it appears that no such lien was ever filed, such that the provisions of section 7432 are wholly inapposite to Dorrill's complaint.[5] Moreover, even if the IRS had filed such a lien with the Circuit Court, Dorrill would be required to seek the appropriate administrative remedies prior to filing suit, as prescribed by 26 U.S.C. section 7432(d)(1). Although Dorrill's complaint alleges that she has exhausted administrative remedies, none of the materials provided by her in opposition to defendants' motion indicates that she has brought a proper administrative appeal under section 7432(d)(1). Since the evidence before the court indicates that neither a federal tax lien nor a formal appeal of such a lien has been filed in this case, Dorrill's claims under 26 U.S.C. section 7432(a) are due to be DISMISSED.

II. Claims Against the United States Under 26 U.S.C. § 7433

26 U.S.C. section 7433 permits a taxpayer to bring a civil action against the United States to recover actual, direct economic damages proximately caused by an IRS employee's reckless or intentional disregard of IRS provisions and regulations in connection with the collection of federal tax from a taxpayer. 26 U.S.C. § 7433(a)-(b). Section 7433's waiver of sovereign immunity must, like any other such waiver, be strictly observed and construed in favor of the sovereign. *Gonsalves v. IRS*, 975 F.2d 13, 15-16 (1st Cir. 1992). Accordingly, courts have concluded that

---

5. The court's review of the materials provided by the parties indicates that Dorrill may have confused the December 5, 1996 Notice of Levy with an entirely different creature, the Notice of Federal Tax Lien.

section 7433 provides jurisdiction only for cases involving improper *collection* of tax, rather than for cases involving only allegedly improper *assessment* of tax. *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir.), *cert. denied*, 513 U.S. 1041 (1994). An improper assessment of tax concerns the decision to impose a tax liability, while improper collection activities concern the conduct of of IRS employees in trying to collect the taxes owed. *Id.* The invalidity of an assessment does not create a viable cause of action under section 7433. *Byrd v. United States,* 77 AFTR2d 96-1299, 96-1300-96-1301 (W.D. Ark. 1996).

Here, Dorrill's section 7433 claim is premised on her allegations that IRS employees failed to comply with certain procedural requirements necessary to perfect a valid 1993 tax assessment against her. Specifically, Dorrill alleges that the assessment is invalid because 1) it was not recorded properly as required by 26 U.S.C. section 6203, and 2) no copy of the assessment was ever sent to Dorrill as required by section 6203. In her complaint and in the letters submitted to Marsh and Gregory on her behalf by Schlabach, Dorrill alleges only that, because the assessment itself was invalid, the Levy and any subsequent efforts by IRS personnel to garnish Dorrill's wages were also improper. This court concludes that Dorrill's allegations, all of which are assessment-based, cannot serve as the foundation for an "improper collection activities" cause of action under section 7433. Dorrill's claim under 26 U.S.C. section 7433 is therefore due to be DISMISSED.

## Conclusion

This court has concluded that Dorrill's claims against the individual defendants and the IRS must be dismissed, since the United States has not waived sovereign immunity as to such claims. Plaintiff brought this action pursuant to 26 U.S.C. sections 7214, 7432, and 7433. Because none

6

of those sections entitles Dorrill to relief under the set of circumstances alleged by Dorrill in her complaint, this action is due to be DISMISSED WITHOUT PREJUDICE.[6]

Dated: 2-11-98

Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. Sandy Dorrill
    Mr. Douglas Jones
    Ms. Lynne Murphy

---

6. This opinion is limited to the causes of action alleged by Dorrill in her complaint. While the court has determined that Dorrill may not proceed with an action based on sections 7432 and 7433, it is possible that other provisions of Title 26 might form the basis for a refund action by Dorrill.

7